UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Southern District of Florida

CYNTHIA CARTER,

    Plaintiff,

vs.

KILOLO KIJAKAZI, COMMISSIONER[1],
UNITED STATES SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CYNTHIA CARTER ("CARTER"), sues KILOLO KIJAKAZI COMMISSIONER, UNITED STATES SOCIAL SECURITY ADMINISTRATION ("UNITED STATES SSA"), pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq., and Section 504 of the Rehabilitation Act of 1973 and states:

1.    Plaintiff, CYNTHIA CARTER, is a resident of Miami-Dade County, Florida. Plaintiff is an African-American/Black lesbian female suffering from a disability or otherwise perceived as disabled. Plaintiff, CARTER, was employed by the Defendant from September 30, 2015 until her termination on or about September 28, 2016 as a Senior Case Technician.

2.    Defendant carries on the business of the United States Social Security Administration, an independent agency of the United States government that provides a

---

[1] Acting

social insurance program consisting of retirement, disability and survivor benefits, and, at all times material hereto, was doing business in Miami-Dade County, Florida, and within the jurisdiction of this Court.

3. Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory and punitive damages are sought pursuant to 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

5. This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

6. Plaintiff, CYNTHIA CARTER, has fulfilled all conditions precedent to the institution of this action. An internal complaint was filed with the Defendant. A Formal Complaint was filed with the U.S. Equal Employment Opportunity Commission. On May 19, 2021, 2020 the United States Equal Employment Commission issued its Decision dismissing the complaint and advising Plaintiff of her right to bring a civil suit. (A copy is attached hereto as Exhibit A)

## FACTS COMMON TO ALL COUNTS

7. Plaintiff was first employed with the Defendant on September 30, 2015 as a Senior Case Technician, GS-0105-7, at Defendant's Office of Disability Adjudication and Review in Miami, Florida.

8. Plaintiff is disabled and/or perceived as disabled due to a condition which affects her dominant hand and limits or effects her ability to write and perform other manual

tasks.

9. Plaintiff was subjected to harassment and disparate treatment from July 2016 to September 28, 2016 on the basis of her disability, sex, race and/or sexual orientation.

10. Plaintiff was subjected to sexual harassment in the form of inappropriate sexual advances, touching and comments from July 2016 to September 28, 2016.

11. Plaintiff was terminated on or about September 28, 2016 without any valid reason but purportedly under the pretext of failure to complete probation. Plaintiff was subjected to discrimination on the basis of her disability, perceived disability, sex, race and/or sexual orientation when she was terminated from her position as a Case Senior Technician

12. Other non-African-American/Black, non-female employees, non-disabled, non-lesbian employees were not harassed, not subjected to disparate treatment, not sexually harassed, nor subjected to termination of their employment.

### COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Race Discrimination

13. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 12 above, as fully set forth herein.

14. Upon information and belief, persons not of Plaintiff's race were not treated in the same manner of Plaintiff during the time period set forth above.

15. Plaintiff was subjected to disparate treatment because of her race in violation of Title VII, whereas, she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

16. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

b. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

c. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

d. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

e. trial by jury; and

f. such other relief as the court deems proper.

### COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sex Discrimination

14. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 12 above, as fully set forth herein.

15. Upon information and belief, persons not of Plaintiff's sex were not treated in the same manner of Plaintiff during the time period set forth above.

16. Plaintiff was subjected to disparate treatment because of her sex in violation of Title VII, whereas, she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

17. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

    a. a declaration that the acts and practices complained of herein are in violation of Title VII;

    b. enjoining and permanently restraining these violations of Title VII;

    c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

    d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

    e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

  f.  trial by jury; and

  g.  such other relief as the court deems proper.

### COUNT III -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sexual Orientation Discrimination

18. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 12 above, as fully set forth herein.

19. Upon information and belief, persons not of Plaintiff's sexual orientation not treated in the same manner of Plaintiff during the time period set forth above.

20. Plaintiff was subjected to disparate treatment because of her sexual orientation in violation of Title VII, whereas, she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

21. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

  a.  a declaration that the acts and practices complained of herein are in violation of Title VII;

  b.  enjoining and permanently restraining these violations of Title VII;

  b.  directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all

-6-

earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

  c. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

  d. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

  e. trial by jury; and

  f. such other relief as the court deems proper.

### COUNT IV-VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sexual Harassment Discrimination

22. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 12 above, as fully set forth herein.

23. Upon information and belief, persons not of Plaintiff's race were not treated in the same manner of Plaintiff during the time period set forth above.

24. Plaintiff was subjected to sexual harassment in violation of Title VII, whereas, she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

25. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant,

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

including but not limited to the following:

    a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

    b.    enjoining and permanently restraining these violations of Title VII;

    b.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

    c.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

    d.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

    e.    trial by jury; and

    f.    such other relief as the court deems proper.

    g.

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
### Disability and/or Regarded as Disabled

26. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 12 above, as fully set forth herein.

27. At all times material hereto, Plaintiff was a qualified individual with a disability within the meaning of Section 504 of the Rehabilitation Act and/or Defendant perceived Defendant was an individual with a disability.

28. Plaintiff was subjected to discrimination on the basis of her disability or being

-8-

regarded as disabled in violation of the Rehabilitation Act, whereas, she has suffered both irreparable injury and compensable damage unless and until this Court grants relief

29. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and may in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct,

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Section 504 of the Rehabilitation Act;

b. enjoying and permanently restraining these violations of the Section 504 of the Rehabilitation Act;

c. directing Defendant to provide Plaintiff a reasonable accommodation to allow him access to his work location on a daily basis;

d. directing Defendant to make Plaintiff whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

e. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

f. awarding Plaintiff the costs of this action together with reasonable attorney's fees, and provided by 42 U.S.C. § 2000e-5(k);

h. trial by jury; and

l.  such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, CARTER, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

>TERI GUTTMAN VALDES LLC
>Counsel for Plaintiff
>1501 Venera Avenue, Suite 300
>Coral Gables, Florida 33146
>Telephone: (305) 740-9600
>Facsimile: (305) 740-9202
>E-mail: tgvaldes@aol.com
>
>By: *[signature]*
>Teri Guttman Valdes
>Florida Bar No. 10741

-10-

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202